IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01089-REB-MJW

BRIAN EDMOND BATH,

Plaintiff,

v.

EMC MORTGAGE CORPORATION and
EXPERIAN CORPORATION,

Defendants.

**ORDER REGARDING PLAINTIFF'S MOTION TO AMEND PLEADINGS IN RESPONSE TO EMC'S 12(B)(6) MOTION (DOCKET NO. 58)**

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion to Amend Pleadings in Response to EMC's 12(b)(6) Motion (docket no. 58). The court has reviewed the subject motion (docket no. 58) and the response (docket no. 67) thereto. In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

2

3. That each party has been given a fair and adequate opportunity to be heard;

4. That Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." Frank v. U.S. West, Inc., 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted). As to Defendant's futility argument, Judge Ebel has previously addressed that issue in the case of General Steel Domestic Sales, LLC v. Steelwise, LLC, 2008 WL 2520423 (D. Colo. 2008). In the General Steel case, Judge Ebel stated, in pertinent part: ". . . Defendants' futility argument seems to place the cart before the horse. Rather than force a Rule 12(b)(6) motion into a Rule 15(a) opposition brief, the defendants may be better served by waiting to assert Rule 12 motions until the operative complaint is in place;"

5. That Plaintiff filed his original Complaint Pro Se. Plaintiff has now retained legal counsel, Ernesto Delgadillo, Esquire; and

6. That under these facts, justice requires that Plaintiff, who is now represented by legal counsel, should be permitted to amend his Complaint, and I do not find any real prejudice to Defendant, noting

that no Scheduling Order has entered, and no trial date is set. Moreover, the Defendant can always renew his motion to dismiss as to the Amended Complaint (docket no. 58-1).

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Plaintiff's Motion to Amend Pleadings in Response to EMC's 12(b)(6) Motion [sic] (docket no. 58) is **GRANTED**. The Plaintiff's Amended Complaint (docket no. 58-1) is accepted for filing as of the date of this Order and is the operative pleading; and

2. That each party shall pay their own attorney fees and costs for this motion.

Done this 15th day of November 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE