IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 11-CV-01089-REB-MJW

BRIAN EDMOND BATH,

    Plaintiff,

v.

EMC MORTGAGE CORPORATION,
JOHN VELLA,
EXPERIAN INFORMATION SOLUTIONS, INC., and
VICTOR NICHOLS

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

The scheduling conference was conducted on January 20, 2011, at 10:00 a.m.

Present at the scheduling conference were the following parties and counsel of record.

    Brian E. Bath, *pro se*
    9227 E. Lincoln Ave, Suite 200
    Littleton, CO 80124
    Phone: (303) 517-1360
    E-mail: bbath2012@aol.com

    James N. Phillips, Esq.
    Desmonne Bennett, Esq.
    Bryan Cave HRO
    1700 Lincoln Street, Suite 4100
    Denver, Colorado 80203
    Phone: (303) 861-7000
    E-mail: james.phillips@bryancave.com
    Counsel for Defendant EMC Mortgage LLC, f/k/a as EMC Mortgage Corporation

Rana Nader, Esq.
Jones Day
3161 Michelson Drive, Suite 800
Irvine, CA 92612
Phone: (949) 553-7547
E-mail: rnader@jonesday.com
Counsel for Defendant Experian Information Solutions, Inc.

## 2. STATEMENT OF JURISDICTION

This matter is before the Court based on removal jurisdiction under 28 U.S.C. § 1441. Defendant Experian Information Solutions, Inc. ("Experian") removed the case from the District Court for Arapahoe County, Colorado based on the assertion by Plaintiff Brian E. Bath of a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* Defendant EMC Mortgage LLC, f/k/a as EMC Mortgage Corporation ("EMC") joined in the removal. In addition to his Fair Credit Reporting Act claim, Plaintiff has added claims for violation of the Fair Debt Collection Practices Act and common law defamation. Plaintiff's assertion of claims under federal law gives this Court federal question jurisdiction under 28 U.S.C. § 1331. Because there is complete diversity of citizenship and Plaintiff is claiming more than $75,000 in damages, this Court also has jurisdiction under 28 U.S.C. § 1332. No party contests the jurisdiction of this Court.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. *Plaintiff*: Pursuant to Fed. Rule Civil Procedure 11 and 16(c)(2)(A) Plaintiff states the following claims:

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. (Federal Fair Credit Reporting Act), 15 U.S.C. 1692 et seq. (Fair Debt Collection Practices Act ) and for the common law tort of defamation.

2

2. Mr. Bath is a natural person residing in Douglas County in the State of Colorado.

3. Mr. Bath's claims arise from violations which occurred in or around January 2011.

4. Upon information and belief, Defendant Experian Information Solutions, Inc., (hereinafter "Experian") is incorporated under the laws of Ohio and regularly conducts business in Colorado.

5. Upon information and belief, Experian is a "consumer reporting agency" under 15 U.S.C. § 1681a(f).

6. Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning Colorado consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681a(d) to third parties.

7. On information and belief, Defendant EMC Mortgage (hereinafter "EMC") is incorporated under the laws of Texas and regularly conducts business in Colorado.

8. Upon information and belief, EMC is a "debt collector" under 15 U.S.C. §1692a.

9. Upon information and belief, EMC uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. On information and belief, Experian offers services to EMC which included but are not limited to customer acquisition, fraud management, risk management and debt recovery.

11. Mr. Bath requests a trial by jury.

*b.* *Defendant EMC*: Plaintiff applied for and obtained a $460,000 mortgage loan ("Loan") for property located at 112 La Peninsula Blvd. in Naples, Florida ("Property"). JPMorgan Chase Bank, N.A. ("Chase") acquired the Loan, which was being serviced by EMC. Plaintiff defaulted on the loan and filed for bankruptcy. Plaintiff's bankruptcy petition identified EMC as a creditor. The bankruptcy court granted Chase relief from the automatic stay to commence foreclosure proceedings against the Property. Chase obtained an order from the Collier County Circuit Court in Florida concluding that debt was valid and foreclosing on the property. Meanwhile, the bankruptcy court denied the discharge of Plaintiff's debts.

Because any report by EMC on Plaintiff's credit was entirely proper, Plaintiff's claims necessarily fail. Any claim by Plaintiff that the debt was invalid is barred by issue preclusion because this matter was conclusively resolved by the Florida Circuit Court in the foreclosure proceeding.

Plaintiff's claims are also barred by the applicable statutes of limitation. Plaintiff began complaining to Experian no later than May 1, 2007 that EMC's report resulting from Plaintiff's default on the Loan should not appear on his credit. Plaintiff's May 2007 complaint undeniably demonstrates that he was aware of EMC's report on his credit almost 4 years before he filed this action. Accordingly, his claims are untimely.

Plaintiff's FCRA claim is also barred because 15 U.S.C. § 1681s-2(a) does not

4

provide a private cause of action.

Plaintiff's FDCPA claims fail for several additional reasons. First, Plaintiff obtained the loan for business purposes, not "primarily for personal, family, or household purposes." Second, several of the alleged violations do not involve debt collection activities by EMC because Plaintiff placed phone calls to EMC and do not involve communications about the "legal status" of Plaintiff's debt.

As additional facts are developed through discovery, EMC may supplement this Statement and also reserves all defenses that it asserts in any answer it may have to file.

    *c.*    *Defendant Experian*: Experian is a consumer reporting agency as defined by FCRA § 1681a(f). The FCRA does not require consumer reporting agencies to maintain error free credit reports. Instead, it requires consumer reporting agencies to maintain reasonable procedures to ensure the maximum possible accuracy of the information concerning the individual about whom the report relates. In addition, the FCRA requires consumer reporting agencies to timely investigate if a consumer disputes information on his or her credit report. Experian's entire business involves ensuring the maximum possible accuracy of the credit information in Experian's consumer credit database and the credit reports it issues, which includes the prompt reinvestigation of consumer disputes. Plaintiff alleges that Experian violated sections of the FCRA *et seq.* by reporting an EMC Mortgage account on Plaintiff's credit file, and as a result Plaintiff has suffered damages. Experian denies all claims asserted by Plaintiff, and denies Plaintiff is entitled to his damages. Furthermore, Experian denies that it acted with malice, negligent, willful or reckless intent to harm Plaintiff. At all times,

Experian maintained and employed reasonable procedures in preparing Plaintiff's credit reports and maintained the maximum possible accuracy of the information in Plaintiff's credit file.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

a. Plaintiff obtained a $460,000 mortgage loan ("Loan") for property located at Unit 112, 100 La Peninsula Blvd. in Naples, Florida ("Property").

b. Plaintiff defaulted on the Loan.

c. On October 19, 2006, Plaintiff filed a Voluntary Petition in the United States Bankruptcy Court for the Western District of Wisconsin under Chapter 7 of the Untied States bankruptcy code. The case was *In re Bath*, 1-06-12641-tsu. That Voluntary Petition listed EMC as the creditor associated with the Loan.

d. The Bankruptcy Court entered an order denying Plaintiff's request for discharge of his debts, stating that Plaintiff was "not eligible for discharge in the above bankruptcy case."

## 5. COMPUTATION OF DAMAGES

a. *Plaintiff*: An award of actual damages in an amount $60,000; and punitive damages in an amount of $80,000; and order EMC to return of all money paid by or on behalf of Mr. Bath; and Order Experian and EMC to repair Mr. Bath's credit score; and Order Experian to reissue an updated credit report to all parties to which reports were issued; and award of the costs of suit and reasonable attorney fees as permitted; and other such relief as this honorable Court deem just and proper.

b. *Defendant EMC:* EMC is not seeking any damages aside from any attorneys' fees and costs incurred defending this frivolous action.

    c.    *Defendant Experian*:  Experian denies that Plaintiff is entitled to any damages.  Experian is not seeking any damages aside from any attorneys' fees and costs incurred defending this frivolous action

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

    a.    Date of rule 26(f) meeting: <u>December 30, 2011</u>.

    b.    Names of each participant and party he/she represented: Brian E. Bath on behalf of himself; James Phillips on behalf of EMC; Rana Nader on behalf of Experian.

    c.    Statement as to when rule 26(a)(1) disclosures were made or will be made:  Plaintiff and Experian made their respective Rule 26(a)(1) disclosures prior to the 26(f) meeting.  EMC obtained a protective order staying its disclosure obligations in light of its pending motion to dismiss, and that protective order remains in place.  (Doc. No. 44.)

    d.    Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):  EMC obtained a protective order staying its disclosure obligations pending resolution of its motion to dismiss.

    e.    Statement concerning any agreements to conduct informal discovery: there are no agreements to conduct informal discovery at this time.

    f.    Statement concerning any other agreement or procedure to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:  none at this time.

    g.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:

the parties do not anticipate that extensive electronically stored information will be involved in this case.

    h.    Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case: Plaintiff and EMC have exchanged various settlement offers, but have been unable to reach agreement. Plaintiff and Experian have exchanged various settlement offers, but have been unable to reach agreement.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

    a.    Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the Federal Rules: The parties agree that each party should be permitted up to **25** interrogatories, including all discrete subparts, pursuant to the presumptive number set forth in Rule 33. The parties propose that each party be permitted up to 5 depositions.

    b.    Limitations which any party proposes on the length of depositions: The parties agree that, unless stipulated by the parties or authorized by the Court, each deposition should last no more than one (1) day of seven (7) hours per Rule 30(d)(1).

    c.    Limitations which any party proposes on number of requests for production of documents and/or requests for admissions: The parties agree that each party should be permitted up to **25** requests for production of documents, including all discrete subparts, and **25** requests for admissions, including all discrete subparts.

Plaintiff has served written discovery to Experian. Experian has served Plaintiff

written discovery to plaintiff.

       d.    Other Planning or Discovery Orders:  A protective order remains in effect as to EMC's disclosure and discovery obligations pending resolution of EMC's motion to dismiss.

## 9. CASE PLAN AND SCHEDULE

       a.    Deadline for Joinder of Parties and Amendment of Pleadings: January 30, 2012.

       b.    Fact Discovery Cut-off:  June 30, 2012.

       c.    Dispositive Motion Deadline:  July 30, 2012.

       d.    Expert Witness Disclosure

       1.    State anticipated fields of expert testimony, if any: The parties to not anticipate the need for experts at this time.

       2.    State any limitations proposed on the use or number of expert witnesses:  expert witnesses shall be limited to two (2) per party.

       3.    The parties shall designate all experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:  August 30, 2012.

       4.    The parties shall designate all rebuttal experts and provide opposing counsel and any *pro se* party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:  September 30, 2012.

       5.    Expert Discovery Cut-Off:  November 30, 2012

*Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the Rule will be allowed by stipulation of the parties unless the*

9

*stipulation is approved by the court.*

    e.    Identification of Persons to Be Deposed:

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
|---|---|---|---|
| Brian Bath | To be scheduled | | 7 hours |
| Katie Bath | To be scheduled | | 7 hours |
| Nancy McCoy | To be scheduled | | 3.5 hours |
| Corporate Representative of EMC | To be scheduled | | 7 hours |
| Corporate Representative of Experian | To be scheduled | | 7 hours |
| JPMorgan Chase & Co. | To be scheduled | | 7 hours |
| Chase Home Finance | To be scheduled | | 7 hours |
| MERS | To be scheduled | | 7 hours |
| Collier County Florida, Clerk of Courts | To be scheduled | | 7 hours |
| Joseph Skokan, Esq. | To be scheduled | | 7 hours |

    f.    Deadline for Interrogatories:

Interrogatories may be served any time following the initial scheduling/planning conference so long as responses thereto are due prior to the discovery cut-off date.

    g.    Deadline for Requests for Production of Documents and/or Admissions:

Requests for production of documents may be served any time following the initial scheduling/planning conference so long as responses thereto are due prior to the discovery cut-off date.

## 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

    a.    A settlement conference will be held on_____ at _____ o'clock __ .m.

10

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

      ( )    *Pro se* parties and attorneys only need be present.

      ( )    *Pro se* parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

      ( )    Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

    b.    Status conferences will be held in this case at the following dates and times:

_____

_____

_____

    c.    A final pretrial conference will be held in this case on _____ at_____ o'clock \_\_\_.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five (5) days before the final pretrial conference.

## 11. OTHER SCHEDULING ISSUES

    a.    A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement:  There are no such issues at this time.

11

b.      Anticipated length of trial and whether trial is to the court or jury:   2 day trial to a jury.

## 12.  NOTICE TO COUNSEL AND *PRO SE* PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____ day of_____ 2012.

BY THE COURT:

#1554539 v2 den

_____
United States Magistrate Judge

APPROVED:

| s/James N. Phillips | s/Rana Nader |
|---|---|
| James N. Phillips, Esq. | Rana Nader |
| Bryan Cave HRO | Jones Day |
| 1700 Lincoln Street, Suite 4100 | 3161 Michelson Drive, Suite 800 |
| Denver, Colorado  80203 | Irvine, CA 92612 |
| Phone:  (303) 861-7000 | Phone:  (949) 553-7547 |
| Fax:  (303) 866-0200 | |
| E-mail:  james.phillips@hro.com | and |
| *Attorneys for Defendant EMC Mortgage LLC, f/k/a as EMC Mortgage Corporation* | Robyn Berger Averbach |
| | Campbell, Latiolais & Averbach, P.C. |
| | 825 Logan Street |
| | Denver, CO 80203 |
| | Phone:  303-861-7760 |
| | *Attorneys for Defendant Experian Information Solutions, Inc.* |

Brian Edmond Bath
9227 E. Lincoln Ave., Suite 200-425
Lone Tree, CO 80124
Phone:  303-517-1360
*Plaintiff, pro se*

13

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 13, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| Robyn Berger Averbach | Rana Nader |
| Campbell Latiolais & Ruebel, PC | JONES DAY |
| 825 Logan Street | 3161 Michelson Drive, Suite 800 |
| Denver, CO 80203 | Irvine, CA 92612 |

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Brian Edmond Bath (mail)
9227 E. Lincoln Ave., Suite 200-425
Lone Tree, CO 80124

                                          *s/ James N. Phillips*
                                          James N. Phillips