IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.    11-cv-01089-REB-MJW

BRIAN EDMOND BATH,

Plaintiff,

v.

EMC MORTGAGE CORPORATION and
EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant(s).

---

## RECOMMENDATION THAT THIS
## CASE BE DISMISSED WITH PREJUDICE BASED UPON THE PLAINTIFF'S
## FAILURE TO APPEAR AND FAILURE TO COMPLY WITH COURT ORDERS

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order of Reference to United States Magistrate Judge issued by District Judge Robert E. Blackburn on May 13, 2011. (Docket No. 25).  The case was filed in state court on March 18, 2011, and removed to this court on April 25, 2011.  (Docket No. 1).  Plaintiff has not moved for a remand.

On May 2, 2011, defendant Experian Corporation filed an Answer.  (Docket No. 8).  On May 12, 2011, defendant EMC filed its first motion to dismiss (Docket No. 24), and the pro se plaintiff filed his First Amended Complaint (Docket No. 28) the following day.  On May 27, 2011, Experian filed its answer to the Amended Complaint.  (Docket No. 32).  On May 31, 2011, EMC filed its second motion to dismiss (Docket No. 35), and after that motion was fully briefed (Docket Nos. 38 and 39), plaintiff retained counsel who moved to amend the Amended Complaint.  (Docket No. 56, 58).  That motion was

2

granted (Docket No. 68), and plaintiff filed a Second Amended Complaint on November 17, 2011 (Docket No. 71).  Plaintiff's counsel, however, withdrew the next day.  (Docket No. 74).  On December 5, 2011, EMC filed its third motion to dismiss (Docket No. 77).  The pro se plaintiff filed a response on December 7, 2011 (Docket No. 79).  EMC filed its reply on December 27, 2011.  (Docket No. 81).  The following day, plaintiff filed another Amended Complaint (Docket No. 82), which was stricken for failure to comply with Fed. R. Civ. P. 15(a)(2).  (Docket No. 84).

In an Order Setting Scheduling/Planning Conference filed on November 18, 2011 (Docket No. 75), this court set a Rule 16 Scheduling/Planning Conference for January 20, 2012, at 10:00 a.m.  In that Order, this court directed the parties to hold a pre-scheduling conference meeting and prepare a proposed Scheduling Order, which was to be submitted to the court no later than five days prior to the conference.  In addition, the parties were directed to submit a brief Confidential Settlement Statement to this court no later than five days before the conference.  A copy of that Order was mailed to the plaintiff at his address of record, and that copy was not returned to the court as undeliverable by the U.S. Postal Service.  In addition, defense counsel advised that plaintiff participated in the initial phase of the preparation of the Proposed Scheduling Order.  Such participation by plaintiff establishes he had actual notice of the Scheduling Conference.  Plaintiff, however, thereafter did not respond to defense counsel's e-mails or give final consent to the Proposed Scheduling Order being submitted to the court.

Despite the clear notice contained in the Order, plaintiff, who resides locally, failed to appear as directed for the January 20, 2012, Scheduling Conference, failed to

participate in the final preparation of the Proposed Scheduling Order, and failed to submit a Confidential Settlement Statement as directed.  He did not seek a continuance, nor did he even telephone the court at the time set for the conference.  The court noted at the time that the weather was sunny, warm, and clear at the time of the conference, and the roads were clear.  Two defense counsel appeared by telephone, and one appeared in person as directed.

Consequently, this court issued oral and written Orders to Show Cause directing the plaintiff to appear in person on February 1, 2012, at 10:00 a.m. in Courtroom A-502 to show cause why this case should not be dismissed based upon his failure to appear, failure to prosecute, and failure to comply with court orders and why other sanctions should not be imposed, including imposition of the defendant's attorney fees and costs and a finding and order of contempt.  The Courtroom Minutes/Minute Order for the January 20 proceeding, which included the court's order setting the Show Cause Hearing (and Status Conference at the same date and time) (Docket No. 99), specifically states "Plaintiff shall appear in person" for the February 1, 2012, Show Cause Hearing.  In addition, this court's written Order to Show Cause stated with emphasis added in bold and underscoring, "**plaintiff shall appear in person**."  (Docket No. 100).  The Order to Show Cause and the Courtroom Minutes/Minute Order were mailed to the plaintiff at his address of record, and they were not returned to the court as undeliverable by the U.S. Postal Service.

Two hours and 47 minutes after the plaintiff was required to appear for the Scheduling Conference on January 20, he filed by facsimile a Motion to Dismiss Amended Complaint Without Prejudice Pursuant to Federal Rule of Civil Procedure

4

41(a)(1)(I) (Docket No. 103).  Ten days later, on January 30, 2012, plaintiff filed a

Response to Order to Show Cause (Docket No.  105) in which plaintiff provides no

explanation for his failure to appear on January 20 but instead claims, among other

things, that this case should have stayed in County Court, that he has unsuccessfully

attempted on five occasions to settle this case with defense counsel, and that he

requests that this case be dismissed without prejudice "so as to estop the unjust

enrichment of the opposing counsels actions towards this court and their clients."

(Docket No. 105 at 2).  The court notes once again that following the removal of this

case from state court, plaintiff did not move for a remand.

On January 31, 2012, defendant EMC filed a Response to Plaintiff's Motion to

Dismiss Without Prejudice.  (Docket No. 107).  EMC objects to plaintiff's attempt to

dismiss his claims voluntarily without prejudice because he seeks to impose

inappropriate conditions on such dismissal.  In addition, EMC asserts that

> permitting Plaintiff to dismiss his claims without prejudice at this point
> would be inequitable, delay the proceedings, and require the parties to
> expend additional and duplicative energy and resources.  Plaintiff
> suggests that upon dismissal, he will simply refile his baseless claims in
> state county court.  EMC has already filed three motions to dismiss
> demonstrating the lack of merit to Plaintiff's claims.  Plaintiff should not be
> provided an opportunity to attempt to state a claim at the expense of the
> Defendants.  Accordingly, dismissal with prejudice is warranted.
>
> Alternatively, dismissal with prejudice is proper based on Plaintiff's failure
> to prosecute, failure to abide by the Court's orders, and failure to appear
> as stated in the Court's Order to Show Cause (Docket No. 100) or
> pursuant to EMC's Motion to Dismiss (Docket No. 77).

(Docket No. 107 at 5).  Defendant Experian has filed a Joinder to Defendants EMC

Mortgage Corporation's Response to Plaintiff's Motion to Dismiss.  (Docket No. 108).

Despite the clear directives of this court for the plaintiff to appear in person at the

5

Show Cause Hearing and Status Conference on February 1, 2012, at 10:00 a.m.,

plaintiff failed to appear for that proceeding.  In addition, he did not seek a continuance,

and he did not even call in to the court at the time set for the proceeding.  The court

notes that the weather was sunny, warm, and clear at the time of the proceeding, and

the roads were clear.  One defense attorney appeared by telephone, and one appeared

in person as directed.

Rule 41(b) of the Federal Rules of Civil Procedure provides in pertinent part:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.  **Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule–except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19–<u>operates as an adjudication on the merits</u>**.

Fed. R. Civ. P. 41(b) (emphasis added).

Furthermore, Rule 16(f) provides in pertinent part that "[o]n motion or on its own,

the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-

(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial

conference . . . . or (C) fails to obey a scheduling or other pretrial order."  Fed. R. Civ. P.

16(f).  Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following

sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) **dismissing the action or proceeding in whole or in part**;

6

(vi) rendering a default judgment against the disobedient party; or

(vii) **treating as contempt of court the failure to obey any order** except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added).  Rule 16(f)(2) further provides that

"[i]nstead of or in addition to any other sanction, the court <u>must</u> order the party, its

attorney, or both to pay the reasonable expenses–including attorney's fees–incurred

because of any noncompliance with this rule, unless the noncompliance was

substantially justified or other circumstances make an aware of expenses unjust."  Fed.

R. Civ. P. 16(f)(2) (emphasis added).

In addition, Local Rule 41.1 provides:

A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order.  If good cause is not shown within the time set in the show cause order, a district judge or a magistrate judge exercising consent jurisdiction may enter an order of dismissal <u>with or without prejudice</u>.

D.C.COLO.LCivR 41.1.

Here, plaintiff has twice failed to appear as directed.  In his written response to the

Order to Show Cause (Docket No. 105), he did not provide the court with any justification

for his failure to appear at the January 20 Scheduling Conference, failure to participate in

the final draft of the proposed Scheduling Order, and failure to submit the requisite

Confidential Settlement Conference.  He now seeks dismissal of this action, but without

prejudice, apparently desiring to return to state court where this action was originally

commenced despite never moving to remand.  The court, however, agrees with the

defendants that this action should be dismissed with prejudice based upon the plaintiff's

repeated failure to appear, failure to comply with court orders, and failure to prosecute.

Based upon the above, it is hereby

    **RECOMMENDED** that this case be dismissed with prejudice pursuant to Fed. R. Civ. P. 16(f) and/or 41(b) and D.C.COLO.LCivR 41.1 based upon the plaintiff's repeated failure to appear and failure to comply with court orders and that plaintiff be directed to pay the defendants' attorney fees and costs for their appearances at the January 20 and February 1 proceedings at which plaintiff failed to appear.  If this recommendation is accepted, then it is further

    **RECOMMENDED** that the pending motions (Docket Nos. 77, 103, and 108) be denied as moot.

    **NOTICE:  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated:  February 1, 2012
       Denver, Colorado

                        s/ Michael J. Watanabe
                        Michael J. Watanabe
                        United States Magistrate Judge