**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 11-cv-01089-REB-MJW

BRIAN EDMOND BATH,

     Plaintiff,

v.

EMC MORTGAGE CORPORATION, a Texas corporation,
EXPERIAN INFORMATION SOLUTIONS, INC., an Ohio corporation, and

     Defendants.

---

**ORDER DENYING DEFENDANT EXPERIAN
INFORMATION SOLUTIONS, INC.'S MOTION FOR COSTS**

---

**Blackburn, J.**

     The matter before me is the **Defendant Experian Information Solutions, Inc.'s**

**Motion for Costs and Brief in Support Thereof** [#115][1] filed March 14, 2012.  I deny

the motion without prejudice on procedural and substantive grounds.

     D.C.COLO.LCivR 54.3 prescribes the requirements for the filing of a motion for

attorney fees in this district:

        A.     **Motion Supported by Affidavit**.  Unless otherwise
             ordered by the court, a motion for attorney fees shall
             be supported by one or more affidavits.

        B.     **Content of Motion**.  A motion shall include the
             following for each person for whom fees are claimed:

            1.     *a detailed description of the services rendered*,
                the amount of time spent, the hourly rate, and

---

[1]  "[#115]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's electronic case filing and management system (CM/ECF).  I use this
convention throughout this order.

the total amount claimed; and

2.    a summary of relevant qualifications and experience.

(**D.C.COLO.LCivR** 54.3 (emphasis added).)   Although supported by an affidavit, defendant's motion fails to include "a detailed description of the services rendered" by Ms. Nadar for which fees are sought.  Thus, procedurally the motion is deficient and may be denied on that basis per se.

Moreover, the affidavit fails to properly substantiate defendant's request for attorney fees.  Defendant has not attached any actual client invoices and/or billing records from which the lodestar calculations allegedly are drawn.  I am neither required nor inclined to accept counsel's mere say-so that the total number of hours she expended in defending this matter was reasonable, however minimal they may appear.[2] Moreover, the fact that the amount of hours expended might be reasonable in general gives me no basis on which to properly conclude that any particular portion of that time was reasonably necessary.  Thus, there is nothing in the record that would allow me to conclude that counsel exercised the type of billing judgment that must be part of the reasonableness calculation.  *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983) ("Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.") (citation and internal quotation marks omitted: emphases in original).  *See also Malloy v. Monahan*, 73 F.3d 1012, 1017-18 (10th Cir. 1996).

---

[2]  I note that while the $1500 in attorney fees requested may seem minimal in the context of an attorney's regular business, it may be viewed quite differently by an individual, *pro se* litigant who allegedly lost ten times that much as a result of the conduct complained of in the complaint.

Nor do the motion and affidavit substantiate the reasonableness of Ms. Nadar's hourly rate.  Together with the lack of substantiation of the reasonableness of the hours expended, this failure renders it impossible for the court to make a proper determination of the reasonableness, *vel non*, of the fee requested.

**THEREFORE, IT IS ORDERED** that the **Defendant Experian Information Solutions, Inc.'s Motion for Costs and Brief in Support Thereof** [#115], filed March 14, 2012, is **DENIED** without prejudice.

Dated March 15, 2012, at Denver, Colorado.

**BY THE COURT:**

Robert E. Blackburn
United States District Judge

3